UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BETTY L. ROYAL, | ) |
| Plaintiff, | ) Cause No. 1:24-CV-237-HAB-SLC |
| v. | ) |
| GLENNETTE ROYAL | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Betty Royal ("Betty"), an individual without counsel, is embroiled in a kerfuffle with Defendant Glennette Royal over a home Betty contends was given to her by her ex-husband nearly three decades ago. (ECF No. 1). Along with her Complaint, Betty filed a request to proceed without prepayment of the filing fee. (ECF No. 2).

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement [of this case] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In her motion to be relieved of the filing fee, Betty represents that she receives $1,095 per month in income, although she does not indicate the source of that income. (ECF No. 2). She also indicates that she owns nothing of value and expends $400 per month for rent, utilities, and food. Given this information, the Court is satisfied that she meets the financial requirements to proceed *in forma pauperis*.

However, in assessing whether a plaintiff may proceed IFP, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief,

or seeks monetary relief against a defendant who is immune from such relief. Further, "[c]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

The Complaint here alleges that in 1996, Betty's ex-husband, William Royal, gave her the home at 2001 Drexel Ave ("the Drexel home"). She states that the Drexel home was not transferred into her name at that time because back taxes were owed. Nevertheless, Betty moved into the Drexel home, became current on the taxes, insurance, and utilities and continued living there, making substantial improvements until she moved out three years ago. Betty contends that the Defendant, who is William Royal's daughter,[1] forged William Royal's name on a quitclaim deed prior to 1996 and, in essence, signed the Drexel home over to herself. (ECF No. 1, Exh. 1 at 2). Betty is seeking the value of the home, which she represents is $88,742.00. Betty also states that when William Royal died in 2020, the Defendant did not honor his Last Will and Testament.[2]

To proceed in federal court, Betty has the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or

---

[1] The Court takes judicial notice of *In re: the Estate of William H. Royal*, case no. 02D02-2006-EU-000290 filed on June 9, 2020, in Allen Superior Court and was decided on May 14, 2024.

[2] Documents attached to the Complaint and the public record show a different progression of events. The Court takes judicial notice of the property transfer history and records from the Allen County Auditor's office. https://lowtaxinfo.com/allencounty/1946876-2024. From the documents attached to the Complaint and the Auditor's records, the Court gleans that on November 4, 1994, William Royal quitclaimed the Drexel property to Defendant. On May 10, 1999, the Defendant granted Betty a life estate interest in the Drexel Home. On January 6, 2021, Betty transferred her property interest to the current interest holders, Vanya D. Royal & Travis W. Royal (life estate) and Defendant.

2

diversity jurisdiction under 28 U.S.C. § 1332. Betty has not met this burden from the face of her complaint.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Liberally construing Betty's Complaint, she does not state a claim under any federal law and there is no general "forgery statute" in federal law. Thus, she has not pled a basis for federal question jurisdiction.

Instead, and reading between the lines of her complaint, Betty is seeking to challenge the ownership of the Drexel home perhaps as part of the overall probate of William Royal's estate or perhaps from 1994 when Defendant became the legal owner, the Court cannot tell from the allegations. To the extent she is attempting the former, the probate exception precludes a federal court from hearing her claim. Indeed, the probate exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Struck v. Cook County Public Guardian*, 508 F.3d 858, 860 (7th Cir. 2007).[3]

But from the review of the public records, it does not appear that William Royal owned the Drexel home at the time of his death, Defendant did and Betty maintained a life estate interest. To the extent Betty is challenging Defendant's ownership of the Drexel home, she cannot bring that

---

[3] There may also be other issues lurking for Betty. The *Rooker-Feldman* doctrine is a jurisdictional doctrine under which federal district courts lack jurisdiction to hear cases "brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *See Fliss v. Generation Cap. I, LLC,* 2022 WL 507566, at *3 (N.D. Ill. Feb. 18, 2022) (citing *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741-42 (7th Cir. 2016)).

3

claim in federal court unless she first alleges diversity of citizenship between her and the Defendant. 28 U.S.C. § 1332(a). To establish diversity, a plaintiff must establish that each defendant is a citizen of a state different from the plaintiff's state to establish jurisdiction under Section 1332(a) and the amount at stake must exceed $75,000. The Complaint does assert the value of the Drexel home exceeds $75,000 but Betty makes no allegations of diverse citizenship to permit this Court to hear her case. Rather, the Complaint shows residential addresses in Indiana for both Betty and Defendant.

Accordingly, the Court DENIES the request to proceed *in forma pauperis* (ECF No. 2) and DISMISSES the Complaint for lack of jurisdiction.

So ORDERED on June 27, 2024.

                                                s/ *Holly A. Brady*
                                                CHIEF JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT